WILLIAM D. CHAPMAN, plaintiff in error, vs. LUCY ANN CHAT-MAN, defendant in error.

[1.] A judgment setting aside an award is conclusive upon the parties until reversed; and to procure its reversal, exception must be taken to it in proper time and mode.

[2.] The evidence being in conflict, the judgment of the Court below, on the facts, will not be disturbed.

Possessory Warrant. Decided by Judge WORRILL. At Chambers. November, 1863.

This was a possessory warrant for some wheat, sued out by the defendant in error.

At the hearing the defendant in the warrant moved to dismiss it:

1st. Because the case had been arbitrated by consent of parties under the statute; the counsel making the motion admitting, however, at the same time, that at the preceding term of the Superior Court, when a motion was made to make the award of the arbitrators the judgment of the Court, he objected, and insisted that the award was null and void because his client, the defendant, as temporary administrator, had no power to refer the matter in dispute to arbitration; that the Court refused the motion, and that the award was, by the Court, set aside and vacated.

2d. Because the affidavit on which the warrant was issued was not full, and did not embrace grounds specified in the statute for the issuing of a possessory warrant.

The affidavit was as follows:

"State of Georgia,   }   In person appeared before me the
   Talbot County.   }   undersigned, a justice of the peace
in said county, R. H. Bulloch, attorney at law for Lucy Ann Chatman, who being duly sworn, saith that in said county, on the eighth day of July, 1863, the said Lucy Ann was in the peaceable and lawfully acquired possession of one lot of wheat, containing thirty bushels, of the value of one hundred and fifty dollars; and deponent, as attorney aforesaid, further

swears that, from the best information in his power, on the night of the ninth day of July aforesaid, William D. Chapman, of said county, under some pretended claim, took, from the possession of said Lucy Ann, possession of said wheat without lawful warrant or authority; and deponent further swears that said William D. Chapman has said wheat in his possession at this time; and deponent further swears that said Lucy Ann *bona fide* claims the right to the possession of said wheat.

Wherefore deponent prays the issuing of a possessory warrant for the arrest of said William D. Chapman, as well as for the seizure of said wheat.

Sworn to and subscribed, before me, this July 14th, 1863.    R. H. Bulloch, Atty. at Law for Lucy Ann Chatman."

Wm. D. Bransford, J. P.

The Court refused to dismiss the warrant, and proceeded with the trial of the case.

A mass of evidence was introduced, the study of which would illustrate no principle of law.

The Court awarded the possession of the wheat to the plaintiff; and the defendant assigns for error,—

1. The refusal to dismiss the warrant.

2. The final judgment, as contrary to the evidence and the weight of evidence.

Lumpkins, C. J.

This is a possessory warrant proceeding. The parties agreed to arbitrate. The arbitrators found an award, which the plaintiff moved to make the judgment of the Court. The other party objected on the ground, that he was temporary administrator only, and, as such, had no power to refer the case. And the Judge sustained him, and refused to make the award the judgment of the Court. The parties then agreed to submit the case of the possessory warrant to

Judge Worrell, at Chambers. He found that the wheat should be delivered to Lucy Chatman. And now, the other side objects to his judgment, on the ground that the case had been arbitrated. The matter of the award, whether adjudged right or wrong, was *res adjudicata*, and had been decided at the preceding term of the Court, neither party excepting to it. This objection comes too late; and, besides, the judgment which the Court redered on the award was at the instance and upon the motion of the party now seeking to take advantage of it.

The second objection was, that the possessory warrant affidavit was insufficient. It is not stated wherein. We see no defect in it.

The third objection is, that the opinion of the Court was contrary to evidence. There is much testimony on both sides. The witnesses swear very contradictory. It was for the Judge to adjust this conflict of testimony, and he has done it satisfactorily to himself. It is to us.

Judgment affirmed.